[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
 I
 Motion to strike as concerns the first count of the complaint.
The defendant alleges that the first count of the complaint is legally insufficient as it fails to allege facts sufficient to demonstrate the intent necessary to state a claim for willfully failing to pay benefits.
Wilfulness is a state of mind affirmatively operating with furtive design or ill will. Buckman v. People Express, Inc.,205 Conn. 166, 171 (1987). States of mind exist in other areas of the law. For example, "Recklessness is a state of consciousness with reference to the consequences of one's acts." Dubay v. Irish,207 Conn. 518, 532 (1988).
The existence or non-existence of a particular state of mind is a fact. "The state of mind amounting to recklessness may be inferred from conduct." Dubay v. Irish, supra, p. 538. However, it obviously may be proven by other means, such as through the at trial testimony of the actor(s), here the agents, servants and employees of the defendant or through any inferences which may be properly drawn from such testimony.
Proof of a fact is accomplished by evidence. "Each pleading shall contain a concise statement of the material facts in which the pleader relies, but not of the evidence by which they are to be proven . . ." Practice Book § 108.
The plaintiff has properly pleaded the operative fact of wilful. The motion to strike the first count is denied.
 II Motion to strike as concerns the third count of the complaint.
The third count of the complaint alleges a violation of CUTPA, General Statutes § 42-110b et. seq. based upon a violation of CUIPA, General Statutes § 38a-816. CT Page 3724
In most instances involving insurance claims it is required that the plaintiff allege, and prove, that unfair settlement practices were committed or performed "with such frequency as to indicate a general business practice." See General Statutes § 38a 816(6) — Unfair claim settlement practices. See alsoLees v. Middlesex Ins. Co., 229 Conn. 842, 847, 848 (1994). Such an allegation does not appear in this complaint.
The plaintiff, however, points out that the insurance policy upon which this claim is based is an "accident and health" policy, as alleged in the first count of the complaint, and incorporated into this third count. The plaintiff attached a copy of the policy to the complaint. The disability benefits sought are under the policy provision providing for disability "due to disease or injury". It appears clear that the policy in question would be an "accident and health" policy.
The Lees case, supra, deals with claims under General Statutes § 38a-816(6) captioned "Unfair claim settlement practices". The plaintiff states, in the brief, that this action is brought under General Statutes § 38a-816(15). General Statutes § 38a-816(15) does not contain a requirement that the conduct occur "with such frequency as to indicate a general business practice." Hence such a requirement, as pertains to § 38a-816(6), is inapplicable as concerns actions brought under § 38a-816(15). Lees v. Middlesex Ins. Co., supra, is not applicable to the claim of the plaintiff as set forth herein. See also Webster, et al v. U.S. Fidelity Guaranty Co., Superior Court, Rockville, CV 92 0051784 S; 9 Conn. L. Trib. No. 5, 147 (1993).
Finally, a violation of CUIPA may also form the basis for a violation of CUTPA. See Mead v. Burns, 199 Conn. 651, 663-666
(1986).
The motion to strike the third count of the complaint is denied.
L. Paul Sullivan, J.